UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVIDA CONOVER,

        Plaintiff,

v.

BYL COLLECTIONS SERVICES, LLC, et al.,

        Defendants.

DECISION & ORDER

11-CV-6244P

---

**PRELIMINARY STATEMENT**

Plaintiff Davida Conover ("Conover") has filed suit against BYL Collection Services, LLC ("BYL") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and New York General Business Law § 349 ("NYGBL"). (Docket # 1). Currently pending before the Court is BYL's motion for summary judgment on all of Conover's claims.[1] (Docket # 16). Also pending are Conover's motions to compel and to supplement the record on the motion for summary judgment, as well as BYL's cross-motion for a protective order and motion for attorney's fees. (Docket ## 11, 14, 17, 29).

For the reasons discussed below, BYL's motion for summary judgment is granted, and Conover's motion to supplement the record is denied. BYL's motion for attorney's fees is denied. Conover's motion to compel and BYL's motion for a protective order are denied as moot.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 7).

**FACTUAL BACKGROUND**

Filed on May 9, 2011, Conover's complaint alleges that in December 2010 BYL began calling her concerning a twenty-year-old debt she owed to the Spiegel Catalogue Company ("Spiegel"). (Docket # 1 at ¶¶ 8, 12). The complaint further alleges that, in pursuit of collection, BYL placed automated calls with prerecorded voice messages on her residential phone line. (*Id.* at ¶ 13). Conover also alleges that, although she notified BYL that the debt was beyond the statute of limitations and that she was unemployed, BYL threatened to garnish her wages and contact an attorney, implying that a lawsuit would be filed against her if she did not pay the debt. (*Id.* at ¶¶ 16, 17). Finally, Conover asserts that BYL failed to timely advise her in writing of her rights under New York and federal law. (*Id.* at ¶ 18).

BYL moved for summary judgment on October 4, 2011. (Docket # 16). In support of its motion, BYL provided affidavits from Raymond Stein, Senior Vice President of Operations for BYL, and Christopher Jones, Senior Recovery Manager and Assistant Vice-President for Recovery/Agency Management for Citizens Bank ("Citizens"). (Docket ## 16-1, 16-3). According to Jones, Citizens hired BYL to collect a $336.16 debt that Conover incurred in 2010 by overdrawing a bank account that she maintained with Citizens. (Docket # 16-3 at ¶¶ 3-6). Stein's affidavit explains that BYL began efforts to collect that debt from Conover in February 2011.[2] (Docket # 16-1 at ¶¶ 3-4). Appended to Stein's affidavit are (1) BYL's account history detailing its efforts to collect the debt, which includes a log of calls from BYL to Conover's phone number and (2) recordings and transcripts of two telephone calls

---

[2] Stein's affidavit states that "BYL does not collect debts owed to or on behalf of Spiegel." (Docket # 16-1 at ¶ 17).

placed by Conover to BYL. (*Id.* at ¶¶ 4-11, 15). Stein affirms that the transcripts and recordings are "true and accurate" and reflect the only conversations that occurred between Conover and any BYL representative. (Docket ## 16-1 at ¶¶ 7, 10, 15; 16-1, Ex. B; 24-1 at ¶ 4).

The account history shows that between February 9, 2011 and May 9, 2011, BYL made twenty-seven outgoing calls to and received two incoming calls from Conover, the first on February 10, 2011 and the second on April 28, 2011. (Docket # 16-1, Ex. A). All of the calls were to and from the same telephone number, which was the telephone number Conover had provided on her Citizens bank account application. (Docket # 16-3, Ex. A). The parties agree that the number was a cellular phone number. (Docket ## 16-4 at ¶ 9; 22-2 at ¶ 9).

According to the February 10, 2011 transcript, Conover telephoned BYL and spoke with a collections representative. (*Id.* at ¶ 7). During this conversation, the representative advised Conover that BYL had been "calling in reference to the Citizens Bank account that has a past due balance of $336.16." (*Id.*). Conover responded that she did not "owe them that much." (*Id*).

Stein further affirms that BYL sent Conover a written debt validation notice that same day, which was the only written communication exchanged between BYL and Conover. (*Id.* at ¶ 8; Docket # 24-1 at ¶ 5, Ex. B). The letter was addressed to Conover, dated February 10, 2011, and advised Conover that Citizens had assigned her delinquent account to BYL to collect $336.16. (Docket # 24-1, Ex. B). The letter informed Conover that she could dispute the validity of the debt within thirty days and that she had the right to verification of the debt. (*Id.*).

3

According to the transcript of Conover's April 28, 2011 call to BYL, Conover asked for BYL's address, stating that she wished to mail a payment; after receiving the address from the representative, Conover stated, "I'm going to sue you." (Docket # 16-1 at ¶ 10).

According to Stein, the transcripts reflect the only telephone conversations BYL had with Conover and no unrecorded telephone conversations ever took place. (*Id*. at ¶ 15). The transcripts of the two recordings contain no threats to sue Conover or garnish her wages or statements by Conover that she was unemployed. (*Id.* at ¶¶ 19-21). Finally, Stein affirms that BYL never left any automated or prerecorded messages on Conover's voicemail or answering machine and that it used a fixed calling schedule to attempt to reach Conover. (*Id*. at ¶ 9).

The sole evidence Conover has provided in opposition to BYL's motion for summary judgment is her own nine-sentence affidavit. (Docket # 22-3). That affidavit mirrors nearly verbatim the conclusory allegations contained in her initial complaint and provides no additional detail regarding the dates and times of any of the telephone calls or alleged conversations with BYL. (*Id*.). Indeed, Conover does not dispute the accuracy of the two telephone calls recorded by BYL.[3] In addition, Conover admits that she had a bank account with Citizens and has provided no evidence to dispute that she overdrew the account. (*See* Docket # 22-2 at ¶¶ 1, 2, 8, 9).

Instead, Conover principally opposes BYL's motion for summary judgment under Rule 56(d), contending that more discovery is needed. (Docket # 22-1 at 5-7). Specifically,

---

[3] In response to BYL's statement of undisputed facts that Conover and a BYL representative had the conversations reflected in the transcripts, Conover responded that she "[a]grees that [the] recording transcript[s] state[] that." (Docket # 22-2 at ¶¶ 6, 10). When pressed at oral argument, Conover's counsel conceded that the recorded conversations occurred and the transcripts were accurate.

4

Conover asserts that BYL failed to timely produce "(1) call notes created in connection with all telephone calls made to Plaintiff; (2) phone logs of all telephone calls made to Plaintiff; (3) written correspondence between Plaintiff and Defendant; and (4) training manuals, documents relating to Defendant's methods and techniques used in the collection of accounts, and information relating to Defendant's operating systems." (*Id*. at 7).[4] Conover admits that the fourth category of documents are relevant only to BYL's affirmative defenses and not to any of her claims. (*Id*.).

Conover has moved to supplement the record with a telephone log that she emailed to her attorney on May 2, 2011. (Docket # 29). That log lists twenty-four telephone calls occurring between February 9, 2011 and April 25, 2011. (Docket # 29-4). Conover's log lists thirteen of the same calls that appear on BYL's log. (*Compare* Docket # 16-1, Ex. A *with* Docket # 29-4).[5]

## DISCUSSION

I. **Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this determination, the court must assess whether there are any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable

---

[4] These documents comprise those requested in Conover's motion to compel. (Docket # 11).

[5] Although pre-motion correspondence between the parties references the telephone log, Conover did not submit the log in opposition to the pending motion, and defense counsel represented at oral argument that he had not seen it. Under these circumstances, I deny Conover's motion to supplement the record, although consideration of the log would not alter my decision. *See* discussion at pages 9-12 *infra*.

inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991). A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d at 97.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the non-moving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed R. Civ. P. R. 56 advisory committee's note. Thus, a party may not oppose a motion for summary judgment merely by relying on the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Further, the non-movant may not defeat a motion for summary judgment by "replac[ing] conclusory

allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("conclusory statements, conjecture, or speculation" will not defeat summary judgment). In other words, "[a]t the summary judgment stage, a nonmoving party 'must offer some hard evidence showing that its version of the events is not wholly fanciful.'" *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998)).

In this case, Conover has alleged that BYL violated various provisions in the FDCPA. (Docket # 1). Specifically, Conover has alleged that BYL:

> "caused a telephone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass," in violation of 18 U.S.C. § 1692d(5);
>
> "misrepresented the character, amount and legal status of the Debt," in violation of 18 U.S.C. § 1692e(2);
>
> "threatened the Plaintiff with garnishment if the Debt was not paid," in violation of 18 U.S.C.§ 1692e(4);
>
> "threatened to take legal action, without actually intending to do so," in violation of 18 U.S.C. § 1692e(5);
>
> "employed false and deceptive means to collect a debt," in violation of 18 U.S.C. § 1692e(10); and
>
> failed to send within five days after the initial communication a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement of the plaintiff's right to dispute the debt; (4) a statement of the plaintiff's right to have verification and judgment mailed to her; and (5) the name and address of the original creditor, in violation of 18 U.S.C. § 1692g.

(Docket # 1 at ¶¶ 22-31).

In addition, Conover has alleged that BYL used automated calls to contact her on her cellular phone and left prerecorded messages on that line in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). (*Id*. at ¶ 35). Finally, Conover has alleged that BYL violated NYGBL § 349 by engaging in deceptive acts and practices. (*Id*. at ¶ 39).

### A. Rule 56(d) Request

As an initial matter, I decline Conover's request to defer or deny defendant's motion for summary judgment under Rule 56(d) on the grounds that further discovery is needed. Under Rule 56(d), "the discovery sought must be material to the opposition of the summary judgment motion." *Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir. 1994). Of the four categories of documents which Conover characterizes as material to the opposition of BYL's motion, BYL has affirmed that it has produced in its motion papers all documents responsive to three of the requests – specifically, the call notes, phone logs and written correspondence. (Docket # 24-1 at ¶¶ 3-5). Thus, those requests are now moot. Further, Conover has admitted that the fourth request – training manuals and documents relating to BYL's operating systems – is relevant to BYL's affirmative defenses only, but not her claims. Accordingly, I find that Conover has received the discovery that is material to her opposition of the summary judgment motion. *Id*. (district court properly denied request under then-Rule 56(f) where requested discovery would not have revealed any new information requiring denial of summary judgment); *Delena v. Verizon New York Inc.*, 2006 WL 2224424, *3 (W.D.N.Y. 2006) (because plaintiff already possessed pertinent information, further disclosure would "not lead to additional facts relevant to the defense of the motion [for summary judgment]").

8

### B. 18 U.S.C. § 1692e

I turn next to BYL's motion for summary judgment on Conover's claims under 18 U.S.C. § 1692e – specifically, that BYL misrepresented the character and amount of the debt, threatened her with garnishment and legal action and employed false and deceptive means to collect a debt.

Here, BYL has come forward with undisputed evidence that in February 2011 BYL attempted to collect a debt from Conover to Citizens arising from an overdrawn bank account. Contrary to her assertions in her complaint, and repeated in her affidavit, that BYL's collection efforts pertained to a twenty-year old debt with Spiegel, the February 10, 2011 transcript establishes that BYL was attempting to collect the 2010 Citizens debt. Although Conover disputed the amount of the debt during the telephone call, she did not dispute that she had overdrawn a Citizens account. At no point in the call did the BYL representative threaten to garnish Conover's wages or sue her; nor did Conover ever state that she was unemployed. The April 28, 2011 phone call from Conover to BYL, approximately one week before she filed suit, also contains none of the threats Conover claims were made by BYL, nor does it mention Spiegel.

In short, Conover's admission as to the authenticity and accuracy of the recorded conversations flatly refutes her unsubstantiated and entirely conclusory claims that BYL threatened her with legal action or garnishment, that it misrepresented the character and amount of the debt or that it employed false or deceptive means to collect a debt. On this record, BYL's

motion for summary judgment on Conover's claims under Section 1692e is granted.[6]  *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"); *Augusta v. Cmty. Dev. Corp. of Long Island*, 363 F. App'x 79, 80 (2d Cir. 2010) ("[i]n light of the inconsistent and incomplete nature of plaintiff's testimony and the lack of corroborating evidence, the district court did not err in concluding that plaintiff's testimony was unreliable"); *Jeffreys v. City of New York*, 426 F.3d at 555 (summary judgment appropriate where plaintiff's testimony is "largely unsubstantiated by any other direct evidence" and "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint") (internal quotation omitted).

### C. 18 U.S.C. § 1692g

Turning to Conover's claims under Section 1692g, I find that BYL has established that on February 10, 2011, the same day on which the first telephone conversation occurred, it sent Conover a letter describing the debt to be collected and advising her of her rights under the FDCPA. Despite her assertion that she never received any written correspondence from BYL, Conover has not disputed the authenticity of the notice submitted by BYL or countered with specific, non-conclusory evidence Stein's sworn assertion that it was mailed. Accordingly, BYL's motion for summary judgment on that claim is granted.

---

[6] Because Conover has failed to raise a triable issue of fact as to whether BYL engaged in any deceptive practices, I also grant BYL's motion for summary judgment on Conover's claim under NYGBL § 349.

### D. 18 U.S.C. § 1692d

Finally, as to the Section 1692d(5) claim, "[w]hether there is actionable harassment or annoyance [under Section 1692d(5)] turns not only on the volume of calls made, but also on the pattern of calls." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010) (quoting *Joseph v. J.J. Mac Intyre Cos., LLC*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002)). For example, harassment may be found where a debt collector immediately phones a debtor after the debtor has hung up or continues to call after the debtor has requested that the debt collector stop calling. *Id*. at 1227-28 (collecting cases). In addition, numerous calls on the same day or multiple calls during a short period of time may constitute harassment. *Id*. at 1228 (collecting cases). Where, however, a debt collector never speaks to a debtor, is never asked to stop calling and never calls the same day after leaving a message, courts will not infer intent to harass. *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010).

Here, Conover alleges in her affidavit that BYL placed "numerous" calls and that she asked BYL to stop calling her. Even considering Conover's call log, BYL placed no more than twenty-seven calls over approximately a three-month period, although the parties disagree on the exact timing of eleven of the twenty-seven calls.[7] In addition, despite Conover's assertion that she asked BYL to stop calling, neither of the transcribed conversations include such a request; in fact, Conover initiated both of the calls. Accordingly, I find that Conover has failed to establish a triable issue of fact as to whether BYL telephoned her with the intent to harass or

---

[7] According to Conover's call log, BYL telephoned three times on February 21, 2011, at 4:02 p.m., 4:11 p.m. and 4:14 p.m., and two times each on February 17, 2011 and February 20, 2011. (Docket # 29-4). Even crediting the accuracy of Conover's log, these instances of multiple calls on the same day do not, without more, constitute harassment. *See Tucker v. CBE Grp., Inc*., 710 F. Supp. 2d at 1305.

annoy her; as a matter of law, twenty-seven calls over the course of three months does not qualify as harassment. *See*, *e.g.*, *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d at 1229 (plaintiff failed to raise triable issue of fact by alleging "daily" or "near daily" calls); *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d at 1305 (no intent to harass as a matter of law by making fifty-seven calls in one month, leaving six messages and making no more than seven calls in one day). *Compare Joseph v. J.J. Mac Intyre Cos., LLC*, 238 F. Supp. 2d at 1168 (issue of fact presented where plaintiff alleged 200 calls over nineteen months, including "multiple calls made after voice contact in which Plaintiff requested no further calls be made").

### E. **TCPA**

I further find that Conover has failed to raise a triable issue of fact as to her TCPA claim. The TCPA prohibits the use of automated phone equipment to call any cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). However, a customer's disclosure of her cellular phone number in connection with a credit application constitutes "prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *Starkey v. Firstsource Advantage, LLC*, 2010 WL 2541756, *3 (W.D.N.Y.) (quoting FCC Declaratory Ruling 07-232 at 6-7 (Dec. 28, 2007)), *report and recommendation adopted by*, 2010 WL 2541731 (W.D.N.Y. 2010). Here, the record establishes, and Conover has not disputed, that she provided her cellular number to Citizens in her account application. Accordingly, I find that BYL has satisfied its burden of establishing that Conover consented to be contacted by Citizens at that number, and I grant summary judgment on that claim.

## II. Remaining Pending Motions

Having granted summary judgment on all of Conover's claims and denied her request to conduct further discovery, I further find that Conover's motion to compel and BYL's motion for a protective order are moot.

Finally, I turn to BYL's motion for attorney's fees sanctions for Conover's commencement and prosecution of this lawsuit. (Docket # 17). BYL argues that it advised Conover's counsel numerous times prior to moving for summary judgment that her complaint was not grounded in fact and, despite these warnings, Conover refused to withdraw her action. (*Id.*). Conover's counsel has represented that following receipt of BYL's motion for summary judgment, he re-interviewed Conover, who again affirmed the accuracy of the allegations in the complaint. (Docket # 23-2).

If BYL had produced to Conover's counsel the account documents it submitted in support of the motion prior to actually filing the motion, sanctions might well be warranted. In fact, even though Conover had served discovery requests seeking production of these documents, BYL had objected to the requests on the grounds of relevance and overbreadth. (*See* Docket # 11). It was not until BYL moved for summary judgment that the documents were disclosed to Conover's counsel. Under these circumstances, I deny BYL's motion for attorney's fees.

## CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment **(Docket # 16)** is **GRANTED**. Conover's motions to compel and BYL's cross-motion for a protective order **(Docket ## 11, 14)** are **DENIED as MOOT**. Conover's motion to supplement

13

the record **(Docket # 29)** is **DENIED**. BYL's motion for attorney's fees **(Docket # 17)** is **DENIED**. The Clerk of the Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                             MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
        September 21, 2012